The action is not to recover any fine imposed upon conviction, or penalty previously recovered in a civil action, and the bond is not limited to its collateral quality in either respect. It seems to be the intent of the section, as amended in 1897, to give to the bond a broader scope, namely, to subject the offender to the larger penalty in case the state commissioner of excise, the special administrator of the law, should think fit, to bring the action for that purpose. It is common knowledge that the temptation to violate this and previous excise laws has developed a fertility and variety of abuses, evasions and violations that in default of rigorous treatment weaken the efficiency of the law, both as a revenue measure and as a regulator of the liquor traffic. Recourse to the penalty named in the bond, instead of the fine or penalty named in any section of the act for a specific violation, was no doubt thought to be necessary in order to secure observance of the provisions of the act. If the surety thereby suffers and the offender sometimes escapes, the public may benefit by inducing the surety to become more watchful of the character of the vendor for whose fidelity he engages, and thus violations will be lessened by making it more difficult for lawless men to obtain their bonds, and when they obtain them to make them more circumspect in regard to the obligations they have assumed. Such, we think, is one of the purposes of the section providing for this bond, and the recovery is within its letter and spirit.

The judgment should be affirmed, with costs.

O'Brien, Bartlett, Haight, Martin and Vann, JJ., concur; Parker, Ch. J., not sitting.

Judgment affirmed.

Fourth Appellate Department, April, 1901. Reported. 61 App. Div. 612.

In the Matter of the Application of W. L. Saunders, Appellant, for an Order Revoking and Cancelling Liquor Tax Certificate No. 26,267, Granted to Henry Garnsey, Respondent.

Order affirmed, with costs.

All concurred.